IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KEVIN CHRISTOPHER BULLOCK,

      Petitioner,

v.                                           Civil Action No. **3:22CV722**

UNKNOWN,

      Respondent.

### MEMORANDUM OPINION

Kevin Christopher Bullock, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed a letter that the Court construed as a petition for a writ of mandamus. ("Petition," ECF No. 1; *see* ECF No. 2, at 1.)  The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I.    PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A

Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the

inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.   SUMMARY OF PETITION AND PROCEDURAL HISTORY

In his Petition, Bullock states:[1]

> I've written the Office of the Commonwealth's Attorney, 2425 Nimmo Parkway, Virginia Beach VA 23456-4050 three times (Feb. of 2022, May of 2022, and Aug of 2022) within the year 2022 requesting exculpatory evidence of Commonwealth Witness's (Natalie Purdie) Required Presentence 19.2–299.1 Victim Impact Statement from prior Case No. 86308512 relevant to but non-existent before ordering Case No. CR11–36 10 Sept. 12 Bench Trial Sentencing which predicated my conviction and sentence. I've obtained one delayed response from Virginia Beach Circuit Court dated Nov. 15, 2021 file CR11–36 confirming no "sealed exculpatory evidence of subpoenaed adverse witness (Natalie Purdie)," exists in the court file, and to direct my request to the Commonwealth's Attorney Office, which I've done to no avail. The jurisdictional courts have failed to honor the law and I'm now writing to ask you to please assist me obtaining requisite information which predicated my conviction and sentence.

(ECF No. 1, at 1.) Bullock also refers to letters he has written to state officials asking for "prior Case No. 86308512 Required Presentence 19.2–299.1 Victim Impact Statement, witness statement, or medical expert testimony." (*Id.*)[2]

## III.   ANALYSIS

It appears that Bullock seeks an order from this Court directing the Commonwealth's Attorney's Office to provide him with certain information from his trial and sentencing. Bullock

---

[1] The Court utilizes the pagination assigned to Bullock's Petition by the CM/ECF docketing system. The Court corrects the spelling and punctuation in quotations from Bullock's Petition.

[2] Bullock later submitted a letter indicating that he "will be appealing" the Bench Trial and Sentencing in Case No. CR11–636 and then lists the grounds. (ECF No. 6.) Bullock cannot appeal the decision of the Virginia Beach Circuit Court to this Court. Moreover, Bullock has already filed a petition for writ of habeas corpus challenging the same conviction and sentence, and the Court denied the petition. *Bullock v. Holloway*, No. 3:15–cv–00077–JAG, 2016 WL 192825, at *1 (E.D. Va. Jan. 13, 2016)

fails to identify the procedural vehicle that would authorize the action he seeks. This Court, however, lacks jurisdiction to grant mandamus relief against state officials or agencies. *See In re Gurley*, 247 F. App'x 437, 438 (4th Cir. 2007) (citing *Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969)); *Gregory v. Clarke*, No. 3:16CV830–HEH, 2017 WL 1754763, at *3 (E.D. Va. May 3, 2017) (explaining that the Court lacks jurisdiction to grant mandamus relief against the Virginia Beach commonwealth's attorney's office). Accordingly, Bullock's Petition, (ECF No. 1), will be DISMISSED AS LEGALLY FRIVOLOUS.

## IV.    CONCLUSION

Bullock's Petition, (ECF No. 1), will be DISMISSED AS LEGALLY FRIVOLOUS. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: 8 August 2023
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

4